IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY STOUT, # Y-19267,

    Plaintiff,

vs.                                                                    Case No. 18-cv-604-DRH

WARDEN JAIMET,
and WARDEN LOVE,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), at the time he brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He recently notified the Court that he is out of prison and residing at the Centerstone facility in Marion, Illinois. (Doc. 8). Plaintiff claims that Defendants maintained a hazardous condition on the Pinckneyville grounds which caused injury to him. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

    Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

    An action or claim is frivolous if "it lacks an arguable basis either in law or

1

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

## The Complaint

Plaintiff was incarcerated at Pinckneyville in February 2017. He regularly exercised by jogging outdoors during his yard and recreation time. (Doc. 1, p. 4). While jogging in the #4 yard, Plaintiff tripped several times on metal objects that were in the grass. Plaintiff wrote to Warden Jaimet and to Assistant Warden Love, and to a counselor, about removing the metal objects from the #4 yard. *Id.* However, Plaintiff's request slips and grievances were never answered, and nothing was done to address the problem. (Doc. 1, p. 5).

On November 4, 2017, Plaintiff tripped again over one of the metal objects in the #4 yard. This time, he fell and broke his leg. (Doc. 1, p. 5). Plaintiff filed grievances in November and December 2017 over the metal objects, but again, never received any response. Plaintiff wrote the counselor one more time about the problem. The counselor told Plaintiff that he "would have to file a lawsuit because all the request slips and grievances [Plaintiff] wrote to both Wardens have been filed in the round filing cabinet 'trash can.'" (Doc. 1, p. 5).

Plaintiff asserts that Defendants were deliberately indifferent to his safety because they "knew and refused to fix the metal objects in the rec yard" that caused his injury. (Doc. 1, p. 6).

Plaintiff seeks compensatory and punitive damages. *Id.*

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will

use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Jaimet and Love, for failing to remove protruding metal objects from the #4 yard after Plaintiff informed them of the hazard.

Count 1 shall be dismissed with prejudice for failure to state a constitutional claim upon which relief may be granted.

### Dismissal of Count 1 – Deliberate Indifference

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause with regards to any conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. It is well-settled that mere negligence does not amount to a constitutional violation. *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Absent unusual circumstances, the ordinary danger of a fall posed by uneven or slippery surfaces does not implicate the Eighth Amendment. "[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation]." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). For example, an uneven surface on a prison softball field did not create an excessive risk to the safety of the inmates who played ball there. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (plaintiff's eye was injured when a softball bounced off a "protrusive lip" on the field and struck him; court held that the risk of being hit by a softball as a result of a hazardous field condition is not one that "today's society chooses not to tolerate."). *See also Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) ("slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement" that violates the Eighth Amendment). In contrast, a constitutional claim may be stated when a prisoner is exposed to a significant hazard without

any means to protect himself from injury.  *See Anderson v. Morrison*, 835 F.3d 681, 682-83 (7th Cir. 2016) (prisoner who was forced to descend a staircase strewn with garbage and milk while he was handcuffed, and fell after guards refused to help him navigate the obstacles, stated an Eighth Amendment claim; distinguishing *Pyles*, 771 F.3d 403).

Prison officials must take reasonable measures to ensure inmates' safety, but liability attaches only if officials both knew of and disregarded an *excessive* risk to inmate health or safety.  *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002).  In Plaintiff's case, the risk posed by the metal objects on the yard does not satisfy the objective component of an Eighth Amendment deliberate indifference claim.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The Seventh Circuit observed:

> An objectively "sufficiently serious" risk . . . is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency[.]  Unlike the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously dangerous machinery, or potential attacks by other inmates, the risk of being hit by a softball as a result of a hazardous field condition is not one that "today's society chooses not to tolerate."  Rather, it is the type of risk many encounter voluntarily when they play sports in less-than-perfect playing conditions.

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (emphasis in original; internal citations omitted).  The metal objects Plaintiff noticed on the #4 yard did pose a risk, but, like the condition of the softball field in the above case, this did not fall into the category of grave or acute safety risks that "today's society chooses not to tolerate."  *See id.*  It cannot be said that the yard condition deprived

6

Plaintiff or other inmates of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834.

Furthermore, Plaintiff's choice to continue jogging in an area where he knew that metal objects posed a tripping hazard, is analogous to Christopher's voluntary choice to play softball. "Far from being unable to exercise responsibility for his own welfare, Christopher, like any cautious ballplayer outside of prison, was free to examine the playing field for what he now characterizes as an apparent defect. *Cf. Haas v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985) (per curiam) ("[C]onduct in which one voluntarily engages can hardly be said to violate the Eighth Amendment.")." *Christopher*, 384 F.3d at 883. Plaintiff voluntarily kept jogging on the #4 yard, despite his knowledge of the risk from the metal objects. This scenario does not amount to an Eighth Amendment violation. Because the Complaint fails to demonstrate that the yard condition posed an objectively sufficiently serious risk to Plaintiff's safety, it does not state an Eighth Amendment claim upon which relief may be granted.

The Complaint also falls short of satisfying the subjective component of a constitutional claim. The Defendants' failure to respond to Plaintiff's complaints and grievances (which the counselor's comment and the absence of any response indicate may not have been delivered to Jaimet or Love) does not rise to the level of unconstitutional deliberate indifference. At most, the lack of action by Jaimet and Love amounts to negligence – and a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v.*

*Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Deliberate indifference "describes a state of mind more blameworthy than negligence . . . [and] Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), *quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Guitron v. Paul*, 675 F.3d 1044, 1045 (7th Cir. 2012). Even if Defendants did have actual knowledge of the condition of the yard, their inaction regarding this ordinary risk did not amount to deliberate indifference.

Plaintiff's allegations suggest that Defendants may have been negligent in failing to mitigate the tripping hazard posed by the metal objects found on the #4 yard. Negligence, however, is insufficient to support a constitutional claim for deliberate indifference. *Daniels*, 474 U.S. at 332; *Farmer*, 511 U.S. at 837. While relief in federal court is foreclosed to Plaintiff, a suit for negligence may be brought in state court. That being said, the Court takes no position on the merits, viability, or timeliness of such a claim.

For the above reasons, the civil rights claim in **Count 1** against Jaimet and Love shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. Nothing herein shall preclude Plaintiff from bringing a claim under state law in the Illinois courts.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be

granted. The dismissal of Plaintiff's constitutional claim, however, shall not preclude him from presenting claim(s) based on these facts in the appropriate Illinois state court.

All pending motions are **DENIED AS MOOT.**

Because this case was filed while Plaintiff was a prisoner, Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than

twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.27
09:57:37 -05'00'

**United States District Judge**